UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACOB GENT,<br><br>                Plaintiff,<br><br>   v.<br><br>ADLER GIERSCH, P.S., a Washington Professional Service Corporation,<br><br>                Defendant. | No. 2:23-cv-01922-JHC<br><br>**ORDER RE: DEFENDANT'S MOTION TO COMPEL ARBITRATION AND FOR A STAY OF THIS ACTION** |

This matter comes before the Court on Defendant's Motion to Compel Arbitration and for a Stay of this Action. Dkt. # 6. The Court has reviewed the materials submitted in support of and in opposition to the motion, the rest of the case file, and the governing law. Being fully advised, the Court GRANTS the motion in part and DENIES it in part.

Plaintiff asserts claims under the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Washington Law Against Discrimination Act, chapter 49.62 RCW, and RCW Chapter 49.52. These claims, and the allegations underlying them, arise out of, and are connected with, multiple written agreements between the parties, including the following: the

ORDER RE: DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND FOR STAY – Page 1
No. 2:23-cv-01922-JHC

Stock Purchase and Shareholder Agreement (PSA), the Fourth Amendment to the PSA, the 2021 Compensation Agreement, and the 2022 Compensation Agreement (collectively, the Agreements),  Accordingly, all of Plaintiff's claims are subject to mandatory arbitration under the substantially similar arbitration clauses set forth in each of the Agreements.  *See Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 505 (2018); *Stein v. Geonerco, Inc.*, 105 Wash. App. 41, 44, 17 P.3d 1266 (2001).

But under *Walters v. A.A.A. Waterproofing, Inc.*, 151 Wash. App. 316, 321-25, 211 P.3d 454 (2009), the two-way fee shifting provisions in the Agreements are "unconscionable" with respect to the statutory claims.  And the Agreements contain severability provisions.

Accordingly, the Court ORDERS that:

(1) Plaintiff is directed to submit all of his claims in this matter to binding arbitration in accordance with the terms of the arbitration clause that appears in the Agreements.

(2) The two-way fee shifting provisions are severed with respect to the statutory claims asserted by Plaintiff.

(3) This Action is stayed, effectively immediately, pending completion of binding arbitration in accordance with Paragraph (1) above, the entry of a final award by the Arbitrator, and the presentation of such final award to this Court for confirmation, vacation, modification, or correction.  9 U.S.C. § 9; RCW 7.04A.220.

/

/

DATED this 12th day of March, 2024.

_____
JOHN H. CHUN
United States District Judge